IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| FRANKENMUTH INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:24-CV-00626 |
| CHOATE CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Choate Construction Company ("Choate") answers the Complaint of Plaintiff, Frankenmuth Insurance Company ("Frankenmuth"), as follows:

## ANSWER
### The Parties and Nature of the Dispute

1. Choate lacks sufficient knowledge or information to respond to the allegations in Paragraph 1 and, therefore, denies those allegations at this time.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

### FACTS

#### Lawsuit

6. Admitted.

7. Admitted.

8. Admitted.

1

### Choate's Tender to Subcontractor's Insurance Carriers

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Choate admits Frankenmuth agreed to provide a defense to Choate alongside Hartford, EMC, and Penn National under their respective reservations of rights. The remainder of Paragraph 13 is denied as stated as Hartford, EMC, and Penn National were not the only insurers providing a defense to Choate.

14. Choate admits it retained, with the consent and approval of all involved insurers, Kilpatrick Townsend & Stockton LLP ("Kilpatrick") to represent it in the arbitration. Any remaining allegations in Paragraph 14 are denied.

15. Choate admits that it and the insurers agreed to each pay a portion of Kilpatrick's hourly rate. The remaining allegations in Paragraph 15 are denied.

16. Choate is without information sufficient to admit or deny the allegations of Paragraph 16.

17. Denied.

### Arbitration

18. Admitted.

19. Admitted.

20. Choate admits it sought, with the consent and approval of the insurers, attorneys' fees associated with the claims being arbitrated. Any remaining allegations in Paragraph 20 are denied.

21. Choate admits attorneys for Kilpatrick submitted, with the consent and approval of the insurers, an affidavit to the arbitration panel that it incurred $3,306,651.44 in attorneys' fees, costs, and expenses to defend Choate in the arbitration. Any remaining allegations in Paragraph 21 are denied.

22. Choate admits that the $3,306,651.44 in attorneys' fees, costs, and expenses submitted by Kilpatrick included amounts owed or paid by Frankenmuth. All remaining allegations in Paragraph 22 are denied, including that Frankenmuth had paid $392,122.64.

23. Admitted.

24. Choate admits that the arbitration panel awarded Choate $3,318,356.00 in attorneys' fees, costs, and expenses and that amount included a portion of the amounts owed or paid by Frankenmuth. All remaining allegations in Paragraph 24 are denied, including Frankenmuth's allegation that it paid $392,122.64.

Post-Arbitration Settlement

25. Admitted.

26. Choate admits that Kilpatrick attorney Brian Corgan inquired whether the insurers involved in the arbitration would agree to a reduced amount in attorneys' fees, costs, and expenses to settle the underlying matter in an email to the insurers. The remaining portions of Paragraph 26 purport to characterize Mr. Corgan's email to the insurers. As a written document, Mr. Corgan's email is a written document that speaks for itself, and Frankenmuth's characterization of the email is denied. Any remaining allegations in Paragraph 26 are denied.

27. Paragraph 27 of the Complaint purports to characterize Mr. Corgan's email to the insurers. As a written document, Mr. Corgan's email is a written document that speaks for itself,

and Frankenmuth's characterization of the email is denied. Any remaining allegations in Paragraph 27 are denied.

28. Denied.

29. Denied.

30. Denied as stated.

31. Choate admits the allegations in Paragraph 31, except denies that the insurers agreed to take a reduction in their collective reimbursement.

32. Choate admits it and the insurers reached a settlement agreement with the Owners in September 2021 (the "Settlement Agreement"), which reduced the amount to be paid to Choate for attorneys' fees, costs, and expenses incurred defending Choate by about $300,000.00, from the $3,318,356.00 awarded to Choate in the Arbitration Award to $3,018,000.00.

33. Admitted.

### Choate's Refusal to Reimburse Frankenmuth

34. Choate admits Frankenmuth sent a demand. The remainder of Paragraph 34 of the Complaint purports to characterize a written document that speaks for itself, and Frankenmuth's characterization is denied. Any remaining allegations in Paragraph 34 are denied.

35. Denied.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

36. Choate incorporates the preceding numbered paragraphs by reference as if fully set forth herein.

37. Denied.

38. Choate admits Frankenmuth demanded payment, but denies it was pursuant to any agreement. Any remaining allegations in Paragraph 38 are denied.

39. Denied.

40. Choate admits it has not paid Frankenmuth but has repeatedly offered to pay the undisputed amount owed to Frankenmuth. Frankenmuth has refused all such offers. Any remaining allegations in Paragraph 40 are denied.

41. Denied.

42. Denied.

43. Denied.

**SECOND (ALTERNATIVE) CLAIM FOR RELIEF**
**Unjust Enrichment**

44. Choate incorporates the preceding numbered paragraphs by reference as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted.

55. Admitted.

56. Denied.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

### THIRD (ALTERNATIVE) CLAIM FOR RELIEF
### Equitable Subrogation

61. Choate incorporates the preceding numbered paragraphs by reference as if fully set forth herein.

62. Denied.

63. Admitted.

64. Denied.

65. Denied.

66. Denied.

### FOURTH (ALTERNATIVE) CLAIM FOR RELIEF
### Estoppel

67. Choate incorporates the preceding numbered paragraphs by reference as if fully set forth herein.

68. Denied.

69. Denied as stated.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

In response to the *ad damnum* clause titled "**PRAYER FOR RELIEF**" and beginning WHEREFORE, including its subparts (1) through (4), Choate denies Frankenmuth is entitled to any of the relief sought in this case.

Except as expressly admitted in this Answer, all allegations of Frankenmuth's Complaint are denied.

## AFFIRMATIVE DEFENSES

Without assuming any burdens of proof that, pursuant to law, belong to Plaintiff, Choate submits the following defenses to the Complaint:

### FIRST DEFENSE

Frankenmuth's Complaint fails to state a claim against Choate upon which relief can be granted.

### SECOND DEFENSE

Frankenmuth's claims are barred in whole or in part by the doctrines of release, waiver, consent, laches, ratification, and/or estoppel.

### THIRD DEFENSE

Frankenmuth's claims are barred in whole or in part by failure of consideration.

### FOURTH DEFENSE

Frankenmuth's claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTH DEFENSE**

Frankenmuth's Complaint is barred in whole or in part by its failure to meet all conditions precedent to the bringing of its action.

**SIXTH DEFENSE**

Frankenmuth's claims are barred or its alleged damages reduced by the Made Whole Doctrine.

**SEVENTH DEFENSE**

To the extent shown through discovery, Choate raises all the affirmative defenses set forth in F.R.C.P. 8 and F.R.C.P. 12(b) and none of these defenses are waived.

**EIGHTH DEFENSE**

Choate reserves the right to amend or supplement its Answer to assert other defenses as may become known to it or as discovery reveals.

**NINTH DEFENSE**

Frankenmuth's fourth claim for relief is barred in whole or in part because North Carolina law does not recognize an affirmative claim for estoppel.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Choate respectfully requests the Court:

1. Enter final judgment on the merits dismissing, with prejudice, all of Frankenmuth's claims and entering judgment in favor of Choate and against Frankenmuth;

2. Award Choate their attorneys' fees and other costs associated with defense of this action; and

3. Award Choate such other and further relief which they may be entitled to in law and in equity.

Respectfully submitted this 8th day of August, 2024.

            **PARRY LAW, PLLC**

            */s/K. Alan Parry*
            K. Alan Parry
            NC State Bar No. 31343
            The Europa Center
            100 Europa Drive, Suite 351
            Chapel Hill, NC 27517
            Phone: 919.913.3320
            Fax: 919.869.2600
            kap@parryfirm.com

            **FELLOWS LABRIOLA LLP**

            */s/ Shattuck Ely*
            Shattuck Ely*
            Georgia Bar No. 246944
            J. Alex Prescott*
            Georgia Bar No. 966471
            Suite 2400, Harris Tower
            233 Peachtree Street, NE
            Atlanta, Georgia 30303
            (404) 586-9200 (Phone)
            tely@fellab.com
            aprescott@fellab.com

            *Attorneys for Defendant Choate Construction Company*
            **Pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

I certify that this day, I electronically filed the foregoing with the clerk's office CM/ECF system, which will send email notification to the following counsel of record:

Andrew P. Flynt
Christy C. Dunn
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27612
Andrew.Flynt@youngmoorelaw.com
Christy.Dunn@youngmoorelaw.com

*Attorneys for Plaintiff*

Respectfully submitted, this 8th day of August, 2024.

*/s/ K. Alan Parry*
K. Alan Parry